84 F.3d 591
 Medicare & Medicaid Guide P 44,219
JAMES SQUARE NURSING HOME, INC., Plaintiff-Appellee,
v.
Brian WING, as Acting Commissioner of the Department of
Social Services of the State of New York,
Defendant-Appellant.
 No. 1294, Docket 95-9044.
 United States Court of Appeals,
Second Circuit.
 Argued April 26, 1996.
Decided May 23, 1996.
 
 Cindi R. Brandt, New York City (Jerome T. Levy, Kronish, Lieb, Weiner & Hellman, LLP, New York City, of counsel), for Plaintiff-Appellee.
 Denise A. Hartman, Assistant Attorney General for the State of New York, Albany, NY (Dennis C. Vacco, Attorney General, Peter H. Schiff, Deputy Solicitor General, Nancy A. Spiegel, Assistant Attorney General, Albany, NY, of counsel), for Defendant-Appellant.
 Before: VAN GRAAFEILAND and MAHONEY, Circuit Judges, and CARTER,* District Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant Brian Wing, acting Commissioner of the Department of Social Services of the State of New York ("New York"), appeals from a judgment entered September 6, 1995 in the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., Judge, that granted summary judgment to plaintiff-appellee James Square Nursing Home, Inc. ("James Square") on its claim pursuant to 42 U.S.C. § 1983 for injunctive and declaratory relief under the Medicare Act, 42 U.S.C. § 1395 et seq., and the Medicaid Act, 42 U.S.C. § 1396 et seq. James Square's complaint alleges that New York's procedure for ensuring that James Square does not receive payment from both Medicare and Medicaid for medical services that James Square provides to persons eligible under both programs ("dual eligibles") violates the Medicare and Medicaid Acts. New York offsets against the Medicaid payments that it makes to James Square for services rendered to dual eligibles the full amount of Medicare Part B payments received by James Square with respect to those services. On this appeal, New York contends that its method of accounting for Medicare payments made for medical services also covered by Medicaid violates neither statute.
 
 
 2
 We affirm the judgment of the district court substantially for the reasons set forth in its decision and order. See James Square Nursing Home, Inc. v. Wing, 897 F.Supp. 682 (N.D.N.Y.1995).
 
 
 
 *
 The Honorable Robert L. Carter, of the United States District Court for the Southern District of New York, sitting by designation